UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER NUNLEY,

      Movant,

                                                      Case No. 1:16-cv-955

v.

                                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
_____/

**O P I N I O N**

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) The Government has filed an affidavit of trial counsel (ECF No. 10) and a response in opposition (ECF No. 15). Movant has filed a response to counsel's affidavit (ECF No. 12) and a reply (ECF No. 13). For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On August 22, 2013, a grand jury indicted Movant on conspiracy to transport stolen motor vehicles in interstate commerce, in violation of 18 U.S.C. § 2312; to possess and sell stolen motor vehicles, in violation of 18 U.S.C. § 2313; to transport stolen goods having a value of $5,000 or more in interstate commerce, in violation of 18 U.S.C. § 2314; to possess and sell stolen property, in violation of 18 U.S.C. § 2315; to tamper with motor vehicle

identification numbers, in violation of 18 U.S.C. § 511(a)(1); to utter and possess counterfeited State securities, in violation of 18 U.S.C. § 513; and making a false statement to a federal agent, in violation of 18 U.S.C. § 1001(a)(2). (*United States v. Nunley*, No. 1:13-cr-158 at ECF No. 2.) A superseding indictment added a count of conspiracy to launder money, in violation of 18 U.S.C. §§ 1956, 1957. (*Id.* at ECF No. 16, PageID.105.) On January 14, 2014, Movant pleaded guilty to all counts of the superseding indictment. (*Id.* at ECF No. 39.) There was no plea agreement. On June 13, 2014, the Court sentenced Movant to 188 months. (*Id.* at ECF No. 55, PageID.449.) A week later, the Court entered an amended judgment to fix a clerical error on the restitution amount. (*Id.* at ECF No. 59.)

On July 1, 2014, Movant filed a notice of appeal. (*Id.* at ECF No. 58.) On appeal, Movant argued that the Court failed to grant a downward departure for an overrepresented criminal history score, relied on improper sentencing factors, and failed to address Movant's need for rehabilitative services. (*Id.* at ECF No. 62.) On August 7, 2015, the Sixth Circuit rejected Movant's arguments and affirmed the Court's sentence. (*Id.*) Movant did not file a petition for certiorari with the United States Supreme Court.

On August 24, 2015, the Government filed a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b), based on Movant's testimony against his co-conspirator. On October 15, 2015, the Court granted the motion and reduced Movant's sentence to 170 months. (*Id.* at ECF No. 67.) On July 28, 2016, Movant timely filed this § 2255 motion, raising claims of ineffective assistance of counsel and a sentencing error. (ECF No. 1.) Movant claims that his trial counsel was ineffective by failing to require the

Court to inform him of the essential elements of the crimes charged at the time of his guilty plea; failing to move to dismiss counts 5, 6, and 7 of the superseding indictment; and failing to challenge inaccurate information in the presentence report. (ECF No. 1, PageID.6, 10, 13.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and

"actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. Thus, it may be raised in a collateral proceeding under § 2255, whether or not Movant could have raised the claim on direct appeal. *Id.*

### III.

**A. Actual Innocence and Ineffective Assistance of Counsel**

Movant asserts that he is actually innocent. To succeed on such a claim, Movant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 328 (1995). Movant argues that the "factual claim of actual innocence is that he Petitioner pled based on counsel's advice to a conduct that is not a crime." (ECF No. 1, PageID.12.) Because Movant's actual innocence argument rests on his ineffective assistance of counsel claims, the Court will evaluate these claims together.

Movant also argues that he had ineffective assistance of trial counsel. To succeed on this claim, Movant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* Movant bears the burden of proof for each

4

prong, and the Court may dismiss a claim of ineffective assistance of counsel if he fails to carry his burden of proof on either one. *Id.* at 687, 697. When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'" *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

**1. Failure to Inform Movant of the Essential Elements of the Crimes Charged**

Movant argues that counsel was ineffective because he failed to inform Movant of the essential elements of the crimes charged in the superseding indictment. Movant relies on *Henderson v. Morgan*, 426 U.S. 637 (1976),[1] to argue that Movant lacked notice of all of the critical elements of the charges. The record refutes this claim. First, the Court confirmed that Movant had an adequate opportunity to discuss the case with his attorney. (*Nunley*, No. 1:13-cr-158, at ECF No. 39, PageID.189.) The Court also confirmed that Movant was satisfied with counsel's representation. (*Id.*) Then, the Court and the Government explained the allegations of the superseding indictment. (*Id.* at PageID.190-96.) Movant acknowledged that he understood all of the charges and that they were correct. (*Id.* at

---

[1] Movant's reliance on *Henderson* is misplaced. The Court in *Henderson* reviewed the voluntariness of the defendant's plea, not an ineffective assistance of counsel claim. *Henderson*, 426 U.S. at 648. In addition, the Court held that the factual guilt for the defendant's guilty plea had never been established. *Id.* at 650.

5

PageID.191-96.) Next, Movant entered a plea of guilty for each charge. (*Id.* at PageID.196.) Movant acknowledged that he had no questions about the charges, had reviewed them carefully with his attorney, and understood the maximum penalties for each. (*Id.* at PageID.197-99.) In addition, Movant explained his role in the conspiracy in detail. (*Id.* at PageID.200-34.) Afterward, the Court found that there was an adequate factual basis to accept a guilty plea for each of the nine counts. (*Id.* at PageID.234.)

Moreover, Movant was advised of the nature of each crime when he appeared for arraignment. (*Id.* at ECF No. 69.) Movant also signed a waiver of personal appearance. In the waiver, Movant and his attorney acknowledged the following:

> A. Defendant was arraigned on the original indictment in open court.
>
> B. Defendant and counsel have received a copy of the superseding indictment dated October 31, 2013.
>
> C. Defendant has read the superseding indictment or has had it read or explained.
>
> D. Defendant understands the nature of all charges contained in the superseding indictment.
> E. Defendant and counsel have received a statement from the United States Attorney's Office concerning the maximum penalties applicable to each charge in the superseding indictment.

(*Id.* at ECF No. 21.) In addition, counsel's affidavit explains that he met with Movant on numerous occasions to review the elements of the charges. (*Id.* at ECF No. 10, PageID.67.) These discussions occurred at Movant's arraignment on the indictment, the superseding indictment, and before the change in plea hearing. (*Id.* at PageID.67-68.) He also met with Movant to discuss the elements on December 11 and 13, 2013, and reviewed a 66-slide

PowerPoint presentation detailing the Government's evidence against Movant on January 3, 2014. (*Id.*) The record clearly shows that the Court, counsel, and the Government informed Movant of the elements of the charges several times before he pleaded guilty. Likewise, the record and counsel's affidavit both show that counsel reviewed the elements with Movant on several occasions and that Movant had no questions before he pleaded guilty to all charges. Movant has not carried his burden of showing deficient performance under *Strickland*'s first prong. Thus, his first ineffective assistance of counsel claim is without merit.

### 2. Failure to Challenge the Indictment

Movant argues that counsel was ineffective by failing to move to dismiss counts 5, 6, and 7 of the superseding indictment. Movant contends that accessories to an automobile are not property under 18 U.S.C. § 2314, so his counsel should have objected to these counts. But counsel did make this argument. On December 30, 2013, counsel filed a "motion to strike multiplicitous counts in indictment." (*Nunley*, No. 1:13-cr-158, at ECF No. 26.) Counsel's motion argued that counts 5, 6, and 7 were multiplicitous and a violation of the Double Jeopardy Clause, citing Sixth Circuit case law and *Blockburger v. United States*, 284 U.S. 299 (1932). The Government also filed a brief, setting forth the factual basis for each charge. (*Id.* at ECF No. 28.) The Government proposed the following factual summary for counts 5, 6, and 7:

> That each of the three motor homes, stolen from the Western District of Michigan in 2012, contained valuable property worth $5,000 or more. Defendant Nunley knew the property was stolen when it left Michigan.

> Defendant Nunley knew that the properties stolen were accessories or optional equipment, which were negotiable depending on the price the buyer was willing the pay.

(*Id.*) Movant has not established deficient performance because his attorney made this argument to the Court before Movant pleaded guilty.

Movant also raises a claim of actual innocence for counts 5, 6, and 7. He contends that he pleaded guilty "based on counsel's advice to a conduct (sic) that is not a crime." (ECF No. 1, PageID.12.) Movant's claim of actual innocence is contradicted by his sworn testimony. During his plea hearing, Movant acknowledged that he understood the charges and affirmed that he was actually guilty of each one. (ECF No. 39, PageID.190-96.) Movant also testified in detail regarding his involvement in the theft and money laundering conspiracy during the trial against his co-conspirator. (*United States v. Myers*, No. 1:14-cr-172, at ECF No. 202, PageID.3422-3567.) Further, Movant does not point to any new evidence to refute his testimony. Thus, Movant has failed to satisfy the *Schlup* standard and his actual innocence claim is without merit.[2]

**3. Failure to Object to the Presentence Report and Sentencing Guidelines Claim**

Movant also argues that counsel failed to object to portions of the presentence report. Specifically, Movant contends that his criminal history in the presentence report was inaccurate. Although "couched in Sixth Amendment terms, the issue is basically one arising

---

[2] Movant's ineffective assistance of counsel claims are not subject to procedural default. *See Massaro*, 538 U.S. at 504. Movant raised this actual innocence claim during his discussion of his second ineffective assistance of counsel claim. Therefore, the Court addressed the merits of the two claims together, even though Movant's ineffective assistance of counsel claim is not procedurally barred.

8

under the Sentencing Guidelines." *See In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir. 1997) (holding that an ineffective assistance of counsel claim that raises sentencing guidelines issues is barred under AEDPA). Such a claim does not implicate constitutional error; thus, it is ordinarily not cognizable on collateral review. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To succeed on a non-constitutional claim, Movant must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488.

Movant has not made this showing. Even if his allegations are true, he cannot establish any prejudice from the improper calculation of his criminal history. At sentencing, the Court found Movant's guideline range to be 235-293 months, based on a Guidelines offense level of 33 and criminal history level VI. (*Nunley*, No. 1:13-cr-158, at ECF No. 61, PageID.531-32.) The criminal history level VI applies once a defendant has accumulated 13 criminal history points. If all of the 5 contested criminal history points were deducted, Movant's criminal history score would have been reduced to 24 points, still well above the 13-point threshold. Movant has not shown prejudice resulting from counsel's failure to investigate his criminal history nor has he established a fundamental defect resulting in a complete miscarriage of justice. Therefore, this claim is without merit.

### IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the

"motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.

Date:  January 26, 2017                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE